Appeal of **BERMINGHAM LUM-**          Docket No. 2654.
**BER CO.**

Submitted May 7, 1925; decided May 23, 1925.

*Walter W. Hammond, Esq.*, for the taxpayer.
*W. Frank Gibbs, Esq.*, for the Commissioner.

Before GRAUPNER and TRAMMELL.

This appeal is from the determination of a deficiency in income and profits taxes in a total amount of $4,468.32, of which amount $2,358.17 is for the taxable year 1919; $2,037.87 for the taxable year 1920; and $72.28 for the taxable year 1922. The deficiency results from the disallowance by the Commissioner of the salary of Mrs. T. J. Bermingham paid to her by the corporation during the year 1920.

### FINDINGS OF FACT.

1. The taxpayer is a corporation organized under the laws of the State of Wisconsin with its principal place of business in the City of Kenosha.

2. For several years prior to 1919 and until April 18, 1919, T. J. Bermingham was president of the taxpayer. He died on the 18th day of April, 1919, and Mrs. T. J. Bermingham succeeded her husband in the office of president. She was paid during the balance of the year 1919 the same rate of salary which her husband received as president during the months of his life in that year. Mrs. Bermingham continued as president of the corporation in the year 1920 until her death on August 31 of that year. The actual salary paid to her from January 1, 1920, to August 31, 1920, was the amount of $5,200. This amount was disallowed by the Commissioner.

3. The taxpayer was a close corporation with a paid-up capital stock of $150,000, which, in the year 1920, was held by the following individuals:

| | Per cent. |
| --- | --- |
| Mrs. T. J. Bermingham | 52 |
| W. J. Bermingham, a son | 14 |
| E. T. Bermingham, a son | 14 |
| Mrs. G. Wilder, a daughter | 14 |
| C. J. Scheaffer | 6 |

The annual salaries agreed by these stockholders to be paid to the officers of the taxpayer for the year 1920 were as follows:

| | |
| --- | --- |
| Mrs. T. J. Bermingham, president | $7,800 |
| W. J. Bermingham, treasurer | 8,500 |
| E. T. Bermingham, secretary | 8,500 |

4. During the last year of the life of her husband, and while he was president of the taxpayer and receiving a salary therefor, Mrs. Bermingham was present at many business conferences on the welfare of the corporation and joined in the discussions between the other officers and her husband. On the death of her husband, Mrs. Bermingham succeeded to the office of president and had daily consultations with the other officers of the taxpayer, at which matters

of policy were discussed and determined by her, as president, for the corporation. She visited the offices of the company two or three times each week, although she did not stay for any long period at any of such visits. However, it was the custom of her elder son, W. J. Bermingham, who was the treasurer of the corporation, to go to her house each day and discuss with her the affairs of the taxpayer. Mrs. Bermingham was required personally to guarantee the repayment of all moneys borrowed by the taxpayer for the purposes of its business, and very frequently was guarantor for sums aggregating $50,000 in amount. She also passed upon all large extensions of credit by the taxpayer and was kept actively informed of all its transactions.

5. The salaries paid to the officers of the taxpayer bore no relation to the amount of stock held by said officers, and the salary paid to Mrs. Bermingham was determined by the directors of the corporation to be proper and reasonable for the services rendered and the responsibility assumed by her.

6. The salary paid to Mrs. Bermingham for the year 1920 was a reasonable and proper salary for services actually rendered.

DECISION.

The deficiency determined by the Commissioner for the year 1920 is disallowed. The determination of the Commissioner for the years 1919 and 1922 is approved.

---

Appeal of W. W. LAWRENCE & CO.        Docket No. 1096.

When a city proposes to take private property for the widening of a public street by the exercise of eminent domain and an affected property owner negotiates an arrangement and agreement with the city whereby he secures certain reimbursements of expenses and other special privileges in lieu of an award for damages and there is no convincing evidence either of the amount of damages or the value of the special privileges, it must be assumed that the benefits of the special privileges are not less than the amount of the damages, and no loss is sustained which can be deducted under the provisions of section 234 (a) (4) of the Revenue Act of 1918.

Submitted April 15, 1925; decided May 23, 1925.

*B. G. Simpich, Esq.*, for the Commissioner.

Before LITTLETON, SMITH, and TRUSSELL.

This is an appeal from a determination by the Commissioner asserting a deficiency in income and profits taxes in the amount of $6,720.63 for a taxable period of eight months ended July 31, 1919.

FINDINGS OF FACT.

The taxpayer is a corporation organized under the laws of Pennsylvania, having its principal place of business in the City of Pittsburgh.